IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANGELA GAYLE MEADOR | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:10-904 ) JUDGE HAYNES |
| NASHVILLE SHORES HOLDINGS, LLC, D/B/A NASHVILLE SHORES | ) ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM

Plaintiff, Angela Gayle Meador, a Tennessee citizen, filed this action against Defendant Nashville Shores LLC, a domestic Tennessee limited liability company in the Circuit Court of Davidson County, Tennessee. Plaintiff asserts claims for sexual harassment, retaliation and the creation of a hostile working environment under the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, the Tennessee Whistleblower Act, Tenn. Code Ann. § 50-1-304, and Tennessee common law. Plaintiff seeks compensatory damages of $132,000 as well as liquidated and punitive damages.

Defendant removed this action to this Court, (Docket Entry No. 1, Notice of Removal), citing subject matter jurisdiction under 28 U.S.C. § 1332, the diversity statute, given that the Defendant's members are citizens of New York, New Jersey, Oklahoma, Connecticut and Kentucky.

Before the Court is Plaintiff's motion to remand (Docket Entry No. 8), contending, in sum: that a lack of complete diversity exists among parties; that the Defendant's Notice of

Removal was defective; that Defendant's registration as a domestic limited liability in Tennessee destroys diversity; and that the amended complaint seeks claims only under Tennessee law.

Under 28 U.S.C. § 1332(a), the district courts have jurisdiction where the controversy involves more than $75,000 and is between citizens of different states. A defendant has the burden of proving the diversity jurisdiction requirements to justify removal. Everett v. Verizon Wireless, Inc., 460 F.3d 818, 829 (6th Cir. 2006). The diversity statute requires "complete diversity" of citizenship. See Carden v. Arkoma Assocs., 494 U.S. 185, 187 (1990). If one party shares citizenship with another adverse party, diversity is destroyed.

For her lack of complete diversity contention, Plaintiff cites Defendant's status as a limited liability company under Tennessee law and its classification as a "domestic" limited liability company in its filings with the State of Tennessee. Yet, "the Supreme Court [has] held that a limited partnership, for federal diversity purposes, [does] not have "citizenship" under the jurisdictional statute established for corporations." International Flavors and Textures, LLC v. Gardner, 966 F. Supp. 552, 554 (W.D. Mich. 1997) (citing Carden v. Arkoma Assocs., 494 U.S. at 188 n.1.) "For purposes of determining diversity jurisdiction, a limited partnership is deemed to be a citizen of every state where its general and limited partners reside." Hooper v. Wolfe, 396 F.3d 744, 748 (6th Cir. 2005) (citing Carden, 494 U.S. at 185, 195-96).

Plaintiff correctly argues that the controlling issue on diversity is whether the limited liability members are citizens of those states rather than merely residents of those states. Stamper v. Wilson & Assocs., P.L.L.C, No. 3:09-cv-270, 2010 WL 1408585, at *10 (E.D. Tenn. 2010). Yet, Defendant's notice of removal asserts that Nashville Holdings, LLC's members are "residents **and citizens** of New York, New Jersey, Oklahoma, Connecticut and Kentucky." (Docket Entry No. 1, Notice of Removal, at p. 2) (emphasis added).

The Plaintiff argues that the Defendant's §1446(a) Notice of Removal is defective because the Defendant does not provide evidence for these assertions. (Docket Entry No. 9, Plaintiff's Memorandum, at 10). Yet, the removal statute only requires "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Courts apply a liberal standard to the sufficiency of the "short and plain" statement for removal:

> "Although it has been said that the requirement of this jurisdictional statement [in the notice of removal] is a "strict one," and that a "mere conclusion" is insufficient, the better rule is that detailed grounds for removal need not be set forth in the notice. Rather it should be sufficient if the court is provided the facts from which removal jurisdiction can be determined. Thus, the same liberal rules employed in testing the sufficiency of a pleading should apply to appraising the sufficiency of a defendant's notice of removal. This liberality of application seems particularly sensible since in most instances the district court can ascertain easily whether the particular state court case is removable under the governing removal and original subject matter jurisdiction statutes."

Adventures Unlimited v. Chrisman, 208 F. Supp. 2d, 871, 873 (E.D. Tenn. 2003) (quoting Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction § 3733.)

Aside from Defendant's certification in its notice of removal that the LLC members are citizens of states other than Tennessee, Defendant has also filed an affidavit to support the diverse citizenship of Defendant's members. (Docket Entry No. 11, McCurley Declaration).

Finally, Plaintiff contends that Defendant's annual report reflects that Martin Strobel, a Tennessee citizen, is a member of Nashville Shores, LLC, which also destroys complete diversity. (Docket Entry No. 17, Plaintiff's Reply at 1). Plaintiff contends that

3

Strobel is identified as a "member-manager" of Nashville Shores. Id. at p. 2. Yet, the Annual Report lists Strobel as the manager and Nashville Shores, LLC as a "manager managed" LLC. (Docket Entry No. 17-1, Nashville Shores 2009 Annual Report). Tennessee law permits a "manager managed" LLC to be run by a manager who is not a member of the LLC. Tenn. Code Ann. § 48-249-401(b)(3)(C).

The Court concludes that Defendant has made a sufficient showing that Nashville Shores LLC's members are citizens of states other than Tennessee. For these reasons, Plaintiff's motion to remand is **DENIED.**

An appropriate order is filed herewith.

**ENTERED** this the 17th day of February, 2011.

WILLIAM J. HAYNES, Jr.
United States District Judge